UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL ARTHUR HELEVA, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-2020 |
| v. | : | (MANNION, D.J.) |
| JUDGE MARGHERITA PATTI-, WORTHINGTON, *et al.*, | : | |
| | : | |
| Defendants | | |
| | : | |

**ORDER**

Presently before the court is the Report and Recommendation ("Report") of Judge William I. Arbuckle. (Doc. 13). In it, Judge Arbuckle, having granted the plaintiff Daniel Arthur Heleva's ("Heleva") motion to proceed *in forma pauperis*, conducted a preliminary review of the *pro se* complaint pursuant to 28 U.S.C. §1915A. Judge Arbuckle ultimately recommends the dismissal with prejudice of Heleva's complaint prejudice, (Doc. 1), as well as dismissal of his motion for reduced copies and waiver of filing fee, (Doc. 6), and his motion to order responsive pleading, (Doc. 8). Heleva has filed objections to the Report. (Doc. 15).

Also before the court is Heleva's appeal, (Doc. 18), of Judge Arbuckle's January 10, 2020 order, (Doc. 12), denying his motion for appointment of

counsel, (Doc. 7). Lastly, Heleva filed an emergency motion for expert testimony and to appoint counsel. (Doc. 19).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa.2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

In his Report, Judge Arbuckle observes that, while Heleva labels this matter as a civil rights action, he is seeking immediate release from prison, which is a form of relief appropriate only in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1975) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). However, even generously construing Heleva's complaint as a civil action under Section 1983, Judge Arbuckle concludes that dismissal is appropriate since Judge Patti-Worthington is entitled to judicial immunity, Heleva has not alleged a sufficient Section 1983 claim against DA Christine and ADA Mancuso, and Heleva has failed to state a claim against his former attorney Fannick. Judge Arbuckle recommends that dismissal be granted with prejudice since amendment would be futile.

Heleva has filed objections to "all parts" of the Report. However, Heleva's objections do nothing more than repeat the same claims raised in his complaint regarding his belief that he has invoked the court's equity

jurisdiction. Heleva, however, does not address the Report's observation that, insofar as Heleva believes he is seeking equitable relief because he seeks the setting aside of his conviction and his release from prison, his complaint would nevertheless fail. This is so because, where a prisoner seeks relief in the form of release from confinement, "his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, Heleva has not filed the complaint as a habeas corpus action but, even if he had, it would likely be dismissed as a second and successive petition, since his first habeas action in this court was denied on January 9, 2018. Therefore, having conducted a thorough review of all pertinent filings, the court finds the Report of Judge Arbuckle to be well-reasoned and well-supported. As such, the court will adopt the Report in its entirety as the decision of the court.

As to Heleva's appeal of the denial of his motion for appointment of counsel, pursuant to 28 U.S.C. §636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.2, a magistrate judge may hear non-dispositive motions, and a district court, on appeal, "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." M.D.Pa. Local Rule 72.2. "A finding is clearly erroneous

when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Marks v. Struble,* 347 F.Supp.2d 136, 149 (D.N.J.2004) (citation and alteration omitted).

Here, Heleva has not demonstrated that Judge Arbuckle has misapplied or misinterpreted the law and the court will affirm the order. (Doc. 12). The court agrees with Judge Arbuckle's reasoning that Heleva has failed to set forth circumstances that warrant the appointment of counsel, given that Heleva has demonstrated a firm grasp of the English language, as well as the ability to present comprehensible arguments, and he has shown the ability to investigate the facts of his case, as well as pertinent law, despite his incarceration.

Finally, with respect to Heleva's emergency motion for expert testimony and appointment of counsel, (Doc. 19), because the court agrees with the Report's recommendation that the complaint be dismissed, the motion is moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** Judge Arbuckle's Report, (Doc. 13), is **ADOPTED IN ITS ENTIRETY**;

**(2)** Heleva's objections to the Report, (Doc. 15), are **OVERRULED**;

**(3)** Heleva's Complaint, (Doc. 1), is **DISMISSED WITH PREJUDICE**;

**(4)** Heleva's motion for reduced copies and waiver of filing fee, (Doc. 6), is **DISMISSED AS MOOT**;

**(5)** Heleva's motion to order responsive pleading, (Doc. 8), is **DISMISSED AS MOOT**;

**(6)** Heleva's emergency motion, (Doc. 19), is **DENIED AS MOOT**;

**(7)** Judge Arbuckle's order denying Heleva's motion to appoint counsel, (Doc. 12), is **AFFIRMED**;

**(8)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 15, 2020**
19-2020-01